Richard J. Cooper, Esq.
Thomas S. Kessler, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for the Foreign Representatives*
*of PT Garuda Indonesia (Persero) Tbk*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PT Garuda Indonesia (Persero) Tbk,[1] | Case No. 22-11274 (LGB) |
| Debtor in a Foreign Proceeding | |

**ORDER GRANTING RECOGNITION**
**AND RELATED RELIEF IN AID OF A FOREIGN PROCEEDING**

Upon the verified petition for recognition and motion (the "Motion")[2] of Irfan Setiaputra and Prasetio as foreign representatives (the "Petitioners"), in the above-captioned chapter 15 case (the "Chapter 15 Case") in respect of PT Garuda Indonesia (Persero) Tbk ("Garuda" or the "Debtor" or the "Company") for the proceeding (the "PKPU Proceeding") in the Commercial Court of Central Jakarta District Court (the "Indonesian Court") pursuant to Law No. 37 of 2004 Bankruptcy and Suspension of Debt Payment Obligation ("Indonesian Insolvency Law") with respect to Garuda, for entry of a final order (this "Order"), pursuant to sections 105(a), 1507, 1509(b), 1515, 1517, 1520(a) and 1521(a)(1)–(2) of title 11 of the United States Code, 11 U.S.C.

---

[1] The last four identifying digits of the Indonesian tax number for the Debtor are 3000.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

sections 101, *et seq.* (the "Bankruptcy Code") (i) granting the Petition in the Chapter 15 Case and recognizing the PKPU Proceeding as a "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code, of the Debtor (or, in the alternative, a "foreign nonmain proceeding" as defined in section 1502(5) of the Bankruptcy Code) pursuant to section 1517 of the Bankruptcy Code; (ii) recognizing that each of the Petitioners is a duly appointed foreign representatives of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in the Chapter 15 Case; and (iii) granting certain injunctive relief and additional relief; and the Court, having considered the Motion and the Limited Objection, Reservation of Rights and Request for Case Management Conference by the Greylag Entities as to Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. 1515, 1517, 1520 and 1521, ECF No. 14 (the "Limited Objection") filed by Greylag Goose Leasing 1410 Designated Activity Company and Greylag Goose Leasing 1446 Designated Activity Company (together, the "Greylag Entities"), having heard argument on the Motion and the Limited Objection at a hearing before the Court on October 26, 2022 (the "Hearing") and the representation at the Hearing by the Petitioners and the Greylag Entities that they have resolved the Limited Objection by the submission of this Order as an agreed order, and having determined that the relief set forth herein being in the best interests of the Debtor and its creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to

Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

  B.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court has the statutory and constitutional authority to issue a final ruling with respect to this matter. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

  C.  Each Petitioner is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

  D.  The Chapter 15 Case was properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code, and the Petitioners have complied with section 1515 of the Bankruptcy Code.

  E.  Due and proper notice of the Motion and Hearing have been provided in accordance with the *Order Pursuant to Federal Rules of Bankruptcy Procedures 2002 and 9007 Scheduling Hearing and Specifying Form and Manner of Service and Notice*, ECF No. 9 (the "Scheduling Order"), and no other or further notice need be provided.

  F.  The PKPU Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

  G.  The PKPU Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

  H.  Indonesia is the center of main interests of the Debtor, and, accordingly, the PKPU Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the

Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

      I.      The Petitioners and the Debtor, as applicable, are entitled to the relief available pursuant to section 1520 of the Bankruptcy Code, to the extent set forth in this Order and subject to the limitations set forth in this Order.

      J.      The relief granted herein is necessary and appropriate, and warranted pursuant to sections 105, 362 (as modified by section 1520(a)), 1504, 1509, 1515, 1517, and 1520 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The petition for recognition and other relief requested in the Motion is hereby granted to the extent set forth in this Order and subject to the limitations set forth in this Order. The Petitioners' request for relief and/or additional assistance in the Motion under sections 1507 and 1521 of the Bankruptcy Code is hereby denied without prejudice.

2.      Each of the Petitioners is a duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in the Chapter 15 Case.

3.      The PKPU Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

4.      All relief and protection afforded to a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted to the PKPU Proceeding, the Debtor and the Debtor's assets located within the territorial jurisdiction of the United States, as applicable, including the application of section 362, as modified by section 1520(a), of the Bankruptcy Code, which bars actions against the Debtor within the territorial jurisdiction of the United States

and/or against property of the Debtor located within the territorial jurisdiction of the United States. The Debtor and its respective successors, agents, representatives, advisors and counsel are entitled to the protection contained in section 1510 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in this Order, nothing herein shall prevent any Aircraft Lessor from (a) seeking to enforce any rights or obligations under its applicable Go Forward Fleet Lease or Alternative Lease Agreement consistent with the PKPU Plan or taking any action permitted by the PKPU Plan, or (b) appealing, defending against or exercising any other rights and remedies with respect to the enforcement of the PKPU Plan outside of the territorial jurisdiction of the United States, as to which the rights and defenses of all parties are expressly preserved.[3]

6. For the avoidance of doubt, nothing in this Order shall or shall be deemed to limit, modify, or otherwise impair The Boeing Company's or its affiliates' (collectively, "Boeing") rights, if any, with respect to any claims asserted against Boeing (including as may be asserted in the future) by or on behalf of Garuda, or any right or defense of Garuda or its affiliates in respect of any such right; *provided that* nothing herein shall be construed as a waiver or modification of the automatic stay set forth in section 362 of the Bankruptcy Code, as applied to this Chapter 15 Case pursuant to this Order and section 1520(a) of the Bankruptcy Code.

7. For the avoidance of doubt, nothing in this Order shall or shall be deemed to limit, modify, or otherwise impair (a) the rights or defenses of each Greylag Entity, if any, with respect to any claims asserted against such Greylag Entity (including as may be asserted in the future) by or on behalf of Garuda or its affiliates, or any right or defense of Garuda or its affiliates in

---

[3] Capitalized terms used in this paragraph but not defined herein shall have the meaning ascribed to them in the PKPU Plan.

respect of any such right or defense of a Greylag Entity, or (b) any claims asserted against Garuda or its affiliates (including as may be asserted in the future) by or on behalf of each Greylag Entity, including without limitation in the Greylag Proceedings (as defined in the Limited Objection), or any right or defense of Garuda or its affiliates in respect of any such claims of a Greylag Entity; *provided that* nothing in this paragraph shall be construed as a waiver or modification of the automatic stay set forth in section 362 of the Bankruptcy Code, as applied to this Chapter 15 Case pursuant to this Order and section 1520(a) of the Bankruptcy Code.

8. Notwithstanding anything to the contrary contained in this Order, the Debtor, the International Air Transport Association ("IATA"), the IATA Settlement Systems (including but not limited to the Billing and Settlement Plans, Cargo Accounts Settlement Systems, IATA Currency Clearance Service, IATA Enhancement & Financing Services, and IATA Clearing House), the Airlines Clearing House, Inc. ("ACH"), the Debtor and other participants in the IATA Clearing House, participants in ACH and financial institutions involved in effecting routine IATA Clearing House and ACH settlements are authorized to continue settling ordinary course billings and otherwise comply with the established settlement system and clearing house procedures, resolutions, and regulations, and the automatic stays of sections 362 and 1520 of the Bankruptcy Code are hereby modified to the extent necessary to permit such settlements and actions, provided, however, that nothing in this paragraph shall or shall be deemed to permit any party from seeking to collect on, to recover on account of, or otherwise to enforce a debt obligation in contravention of, or in any manner inconsistent with, the PKPU Plan.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry; (ii) the Petitioners are not subject to any stay in the implementation, enforcement or realization of the relief granted in this

6

Order; and (iii) the Petitioners are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

10. A copy of this Order, confirmed to be true and correct, shall be served, within seven business days of entry of this Order, in accordance with this Court's Scheduling Order, with such service being good and sufficient service and adequate notice for all purposes.

11. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, enforcement, amendment or modification of this Order.

Dated: **October 26, 2022**
      New York, New York

                                      **/s/ Lisa G. Beckerman**
                                      HON. LISA G. BECKERMAN
                                      UNITED STATES BANKRUPTCY JUDGE