# EXHIBIT A

**Indonesian Supreme Court Decision**

**DECISION**

Number 1454 K/Pdt.Sus-Pailit/2022

**FOR JUSTICE BASED ON THE ALMIGHTY GOD**

**THE SUPREME COURT**

upon examining a special civil case petition for a declaration of bankruptcy at the cassation level, has decided as follows:

1. **GREYLAG GOOSE LEASING 1410 DESIGNATED ACTIVITY COMPANY**, represented by the Director, Mr. Qiu Jiehao, Ivan, at Rocktwist House, Block 1, Western Business Park, Shannon, Co. Clare, Ireland, in this matter authorizes Anastasia Debby Sulaiman, S.H., and friends, the advocates at Hiswara Bunjamin & Tandjung Law Office at 18th Floor Tower I Sudirman 7.8 Jalan Jenderal Sudirman Kavling 7-8, Central Jakarta, 10220, based on a Special Power of Attorney dated July 2, 2022;

   Cassation Appellant I;

2. **GREYLAG GOOSE LEASING 1446 DESIGNATED ACTIVITY COMPANY**, represented by the Director, Mr. Qiu Jiehao, Ivan, at Rocktwist House, Block 1, Western Business Park, Shannon, Co. Clare, Ireland, in this case authorizes Anastasia Debby Sulaiman, S.H., and friends, the Advocates at Hiswara Bunjamin & Tandjung Law Office at 18th Floor Tower I Sudirman 7.8, Jalan Jenderal Sudirman Kavling 7-8, Central Jakarta, 10220, based on a Special Power of Attorney dated July 2, 2022;

   Cassation Appellant II;

against

**PT. GARUDA INDONESIA (Persero), Tbk**, represented by the President Director, Irfan Setiaputra, at Jalan Kebon Sirih Number 46 A, Central Jakarta, 10110, in this case authorizes Eri Hertiawan, SH., LL.M., MCIArb., AIIArb., and friends, Advocates at the Advocates



Affidavit

This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.

October 31, 2022

AUTHORIZED & SWORN TRANSLATOR SK. GUB KDKI Jkt NO. 1607/2008 INDRA SYAHRIZA PENERJEMAH RESMI & TERSUMPAH SK. GUB KDKI Jkt. NO. 1691/2007

Office of Assegaf Hamzah & Partners, at Capital Palace Floors 36-38, Jalan Jenderal Gatot Subroto Kavling 18, South Jakarta, 12710, based on a Special Power of Attorney dated July 13, 2022;

Cassation Respondent I, II;

The Supreme Court;

Read the relevant letters that are an integral part of this decision;

Considering, whereas from the letters it is evident that now the Respondent for Cassation, previously the Respondent PKPU, has been declared to be in a Temporary Suspension of Debt Payment Obligations (PKPU) as stated in the Decision of the Commercial Court at the Central Jakarta District Court Number: 425/Pdt.Sus-PKPU/2021/PN.Niaga.Jkt.Pst, with the following order:

1. To grant the application for Suspension of Debt Payment Obligations (PKPU) submitted by PKPU Applicant against PKPU Respondent/PT Garuda Indonesia (Persero) Tbk, a limited liability company established under the laws of the Republic of Indonesia, at Jalan Kebon Sirih Number 46 A, Jakarta, 10110;
2. To stipulate a temporary suspension of debt repayment obligations (PKPU) against PKPU Respondent/PT Garuda Indonesia (Persero) Tbk, for a maximum of 44 (forty-four) days as of the decision on the temporary suspension of debt payment obligations *a quo*;
3. To appoint Mr. Dulhusin, S.H., M.H., Commercial Judge at the Commercial Court at the Central Jakarta District Court as Supervisory Judge to oversee the process of delaying the PKPU debt payment obligations of PKPU Respondent/PT. Garuda Indonesia (Persero), Tbk;
4. To elect and to appoint:
   a. Mr. Jandri Siadari, S.H., Dip.Mkt., LL.M. Receiver and Administrator registered under the Ministry of Law and Human Rights of the Republic of Indonesia with a Certificate of Extension of Curator and Administrator Number AHU-272 AH.04.0-2019 dated 28 November 2019, at Siadari &



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR
INDRA SYAHRIZA
PENERJEMAH RESMI & TERSUMPAH
SK. GUB KDKI Jkt. NO. 1691/2007

Siadari Law Firm, Jalan Pejompongan V Number 5 B, Bendungan Hilir, Tanah Abang, Central Jakarta, 10210;

b. Mr. Martin Patrick Nagel. S.H., M.H., Receiver and Administrator registered under the Ministry of Law and Human Rights of the Republic of Indonesia with Certificate of Registration of Curator and Administrator Number AHU-251 AH.04.03-2018 dated September 6, 2018 at FKNK Law Firm, Kemang Point Building, Floor 1 Unit 104-105, Jalan Kemang Raya Number 3 RT. 4 RW. 1, Bangka, Mampang Prapatan District, South Jakarta, 12730;

c. Mr. Albert Hasoloan Limbong, S.H., Receiver and Administrator registered under the Ministry of Law and Human Rights of the Republic of Indonesia with a Certificate of Registration of Curator and Administrator Number AHU-349 Ah.04.03-2021 dated May 7, 2021, at Jalan Kalibaru Timur V Number 65, Bungur, Senen District, Central Jakarta, 10640;

d. Mr. Asri, S.H., M.H., Receiver and Administrator registered under the Ministry of Law and Human Rights of the Republic of Indonesia with Certificate of Registration for Curator and Administrator Number AHU-193 AH.04.03-2019 dated August 19, 2019 at Munde Herlambang & Partners, Equity Tower 22nd Floor, Dreamhub, Sudirman Central Business District, Lot 9, Senayan, Kebayoran Baru, South Jakarta;

e. Mr. Mulyadi, S.H., LL.M., Receiver and Administrator registered under the Ministry of Law and Human Rights of the Republic of Indonesia with Certificate of Registration of Curator and Administrator Number AHU-257 Ah.04.03-2021 dated March 30, 2021, at Nurjadin Sumono Mulyadi Law Office, Sequis Tower 20th Floor, Sudirman Central Business District (SCBD), Jalan Jend. Sudirman Kav. 71, Senayan, South Jakarta;

f. Mr. William Eduard Daniel, S.E., S.H., LL.M., MBL., Receiver and Administrator registered with the Ministry of Law and Human Rights of the Republic of Indonesia with the Proof of Extension of Registration for



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR
SK. GUB KDKI JKT NO. 1607/2008
INDRA SYAHRIZA
PENERJEMAH RESMI & TERSUMPAH
SK. GUB KDKI Jkt. NO. 1691/2007

Curator and Administrator Number AHU-65 Ah.04.03-2017 dated 16 May 2017 at William Soerjonegoro & Partners Law Office, Office 8 19th Floor, SCBD Lot. 28, Jalan Jenderal Sudirman Lot 52-53, Jakarta, 12190; as the Administrator Team in the process of the Suspension of Debt Payment Obligations (PKPU) Respondent/PT. Garuda Indonesia (Persero), Tbk;

5. To call a Panel of Judges Deliberation Meeting on Friday, January 21, 2022, at 09.00 WIB at the Commercial Court at the Central Jakarta District Court, Jalan Bungur Raya Number 24-26, Gunung Sahari, Kemayoran, Central Jakarta;
6. To instruct the Administrator Team to summon the PKPU Respondent/PT. Garuda Indonesia (Persero), Tbk, and identified Creditors by registered mail or courier, to appear the court as stipulated above;
7. To determine the fee for the Administrator team that will be paid once the Administrator Team has finished carrying out its duties;
8. To defer the petition fee for the Suspension of Debt Payment Obligations (PKPU) until the Suspension of Debt Payment Obligations (PKPU) is declared to have ended;

Considering, whereas from the letters, it appears that the Supervisory Judge has submitted a report before the trial at the Commercial Court at the Central Jakarta District Court, which in essence PKPU Respondent/PT. Garuda Indonesia (Persero), Tbk in the Suspension of Debt Payment Obligations (PKPU) has submitted a Composition Plan, in which reconciliation has been reached with the implementation of a vote (voting) against the Composition Plan;

Whereas in relation to the application for ratification of the composition plan (homologation), the Commercial Court at the Central Jakarta District Court has given its Decision Number 425/Pdt.Sus-PKPU/2021/PN.Niaga.Jkt Pst on 27 June 2022, with the following order:



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR
SK. GUB KDKI Jkt NO. 1607/2008
INDRA SYAHRIZA
PENERJEMAH RESMI & TERSUMPAH
SK. GUB KDKI Jkt. NO. 1691/2007

1. To declare the Composition Agreement dated 17 June 2022 between PT Garuda Indonesia (Persero), Tbk. (In PKPU) with its Creditors as valid and legally binding;
2. To punish the debtor or PT Garuda Indonesia (Persero), Tbk. and all of its creditors as well as the parties referred to in the Composition Agreement dated June 17, 2022 to be subject to and comply with, and perform the subject matter of the Composition Agreement;
3. To declare that all the costs and Administrator Fees during the Suspension the Debt Payment Obligations (PKPU) process of PT. Garuda Indonesia (Persero), Tbk. (In PKPU) that has been determined in a separate decision, and to punish the Debtor/PT Garuda Indonesia (Persero), Tbk. (In PKPU) to comply with the decision;
4. To declare that the Suspension of Debt Payment Obligations (PKPU) 425/Pdt.Sus-PKPU/2021/PN.Niaga.Jkt.Pst., has ended by law;
5. To punish the PKPU Respondent PT Garuda Indonesia (Persero), Tbk. (In PKPU) to pay the court cost of Rp. 9,870,000.00 (Nine million eight hundred seventy thousand rupiah);

Considering, whereas after the decision of the Commercial Court at the Central Jakarta District Court was pronounced in the presence of the PKPU Appellants' Attorneys, PKPU Respondent (Debtors), PKPU Appellants' Attorneys, PKPU Termohon (Debtors), PKPU Respondent's Attorneys, Creditors and the Administrator Team of PT. Garuda Indonesia (Persero), Tbk (In PKPU) on 27 June 2022, against the decision, Cassation Appellant I through his proxy based on a Special Power of Attorney dated July 2, 2022 filed a cassation request on July 4, 2022 as evident from the Deed of Cassation Application and the Memorandum of Cassation Bankruptcy Case Number 60/Kas/Pdt.Sus-Pailit/2022/PN Niaga Jkt Pst *juncto* Number 425/Pdt.Sus-Pailit/2021/PN Niaga Jkt Pst issued by the Registrar of the Commercial Court at the Central Jakarta District Court, the application is accompanied by with a memorandum of cassation received at the Registrar's Office of the Commercial Court at the Central Jakarta District Court on July 4, 2022;



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR SK. GUB KDKI Jkt No. 1807/2008 INDRA SYAHRIZA PENERJEMAH RESMI & TERSUMPAH SK. GUB KDKI Jkt. NO. 1691/2007

Considering, whereas after the decision of the Commercial Court at the Central Jakarta District Court was pronounced in the presence of the PKPU Appellants' Attorneys, PKPU Respondents (Debtors), PKPU Respondents' Attorneys, Creditors and the Administrator Team of PT. Garuda Indonesia (Persero), Tbk (In PKPU) on 27 June 2022, against the decision, Cassation Appellant II through his proxy based on a Special Power of Attorney dated 2 July 2022 filed a cassation request on July 4, 2022 as evident from the Deed of Cassation Application Number 61/Kas/Pdt.Sus-Pailit/2022/PN Niaga Jkt Pst juncto Number 425/Pdt.Sus-Pailit/2021/PN Niaga Jkt Pst issued by the Registrar of the Commercial Court at the Central Jakarta District Court. The application is also filed together with a memorandum of cassation that was received at the Registrar's Office of the Commercial Court at the Central Jakarta District Court on July 4, 2022;

Considering that *a quo* cassation request and the reasons thereof have been carefully informed to the opposing party, submitted within the time limit and in the manner stipulated in the law, therefore the cassation request can be formally accepted;

Considering, whereas based on the memorandum of cassation received on July 4, 2022 which is an integral part of this decision, the Appellant for Cassation I requests to:

1. Accept and grant the statement of cassation and the memorandum of cassation submitted by the Cassation Appellant in its entirety;
2. Declare that the implementation of the Composition approved through Homologation Decision 425 was not sufficiently guaranteed or was reached due to the other dishonest efforts made and without due consideration whether the Cassation Respondent or other parties cooperated to achieve this;
3. Declare that the Decision on the Homologation Decision 425 is null and void with all its legal consequences;
4. Declare that the Cassation Respondent is bankrupt with all its legal consequences;



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR SK. GUB KDKI Jkt NO 1607/2008 INDRA SYAHRIZA PENERJEMAH RESMI & TERSUMPAH SK. GUB KDKI Jkt. NO. 1691/2007

5. Order the Chairman of the Commercial Court at the District Court in Central Jakarta to appoint a Supervisory Judge to oversee the administration and settlement of the assets of the Cassation Respondent in *a quo* bankruptcy process;
6. Appoints Jhony Mazmur Wiliam Manurung, S.H., Receiver and Administrator, registered under the Ministry of Law and Human Rights of the Republic of Indonesia with a Certificate of Registration of Curator and Administrator Number AHU-109 AH.04.03-2018 dated January 31, 2018, at Prudential Center 22nd Floor, Jalan Kasablanka Raya Lot 88, Jakarta 12870, South Jakarta as Curator in the bankruptcy proceedings of the Cassation Respondent, PT. Garuda Indonesia (Persero), Tbk;
7. Order the announcement of the bankruptcy decision against the Cassation Respondent by the Receiver in the State Gazette of the Republic of Indonesia and in at least 2 (two) daily newspapers within a period of no later than 5 (five) days after the decision is received by the Cassation Appellant;
8. Determine the fee for the Receiver Team that will be paid later after the bankruptcy ends; and
9. Order the Cassation Respondent to pay court fees *a quo*;

Or;

If the Honourable Chairman of the Supreme Court of the Republic of Indonesia has a different opinion, we request for a fair decision (*ex aequo et bono*);

Considering, whereas based on the memorandum of cassation received on July 4, 2022 which is an integral part of this decision, the Appellant for Cassation II requests that the court:

1. Accept and grant the statement of cassation and the memorandum of cassation submitted by the Cassation Appellant in its entirety;
2. Declare that the implementation of the Composition approved through Homologation Decision 425 was not sufficiently guaranteed or was reached due to other dishonest efforts made and without due consideration whether the Cassation Respondent or other parties cooperated to achieve this;



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR
SK. GUB KDKI Jkt NO. 1607/2008
INDRA SYAHRIZA
PENERJEMAH RESMI & TERSUMPAH
SK. GUB KDKI Jkt. NO. 1691/2007

3. Declare that the Homologation Decision 425 is null and void with all its legal consequences;
4. Declare that the Cassation Respondent is bankrupt with all its legal consequences;
5. Orders the Chairman of the Commercial Court at the District Court in Central Jakarta to appoint a Supervisory Judge to oversee the administration and settlement of the assets of the Cassation Respondent in *a quo* bankruptcy process;
6. Appoints Jhony Mazmur Wiliam Manurung, S.H., Receiver and Administrator, registered under the Ministry of Law and Human Rights of the Republic of Indonesia with a Certificate of Registration of Curator and Administrator Number AHU-109 AH.04.03-2018 dated January 31, 2018, at Prudential Center Floor 22, Jalan Kasablanka Raya Lot 88, Jakarta 12870, South Jakarta as the Curator in the bankruptcy proceedings of the Cassation Respondent, PT. Garuda Indonesia (Persero), Tbk;
7. Orders the announcement of the bankruptcy decision against the Cassation Respondent by the Receiver in the State Gazette of the Republic of Indonesia and in at least 2 (two) daily newspapers within a period of no later than 5 (five) days after the decision is received by the Cassation Appellant;
8. Determine the fee for the Receiver Team will be determined later after the bankruptcy ends; and
9. Orders the Cassation Respondent to pay court fees *a quo*;

or;

If the Honourable of the Supreme Court of the Republic of Indonesia has a different opinion, we request for a fair decision (*ex aequo et bono*);

Whereas with respect to the memorandum of cassation I and II, the Respondents of Cassation I and II have filed a counter memorandum of cassation dated July 14, 2022 which essentially denied the petition for cassation from the Cassation Appellant I and II;

Considering, whereas for these reasons, the Supreme Court is of the opinion:



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR
SK. GUB KDKI Jkt NO 1691/2008
INDRA SYAHRIZA
PENERJEMAH RESMI & TERSUMPAH
SK. GUB KDKI Jkt. NO. 1691/2007

Whereas the legal considerations of the *Judex Facti* decision stating that it is valid and legally binding, the Composition Agreement dated 17 June 2022 between PT. Garuda Indonesia (Persero), Tbk (in PKPU) with its creditors can be justified and is not wrong in applying the law, which is based on the facts in *a quo Judex Facti* has given sufficient consideration, with the following considerations:

Whereas the composition agreement (homologation) in *a quo* case has been approved by the majority of creditors in the voting meeting, namely concurrent creditors agreeing as much as 97.46% (ninety-seven-point sixty four percent), this proves that the creditors including the Appellant PKPU prioritizes peaceful settlement, so that reconciliation (homologation) is a form of fair and wise settlement in *a quo* case;

Whereas the voting results in *a quo* case have complied with the provisions of Article 281 paragraph (1) of Law Number 37 of 2004 on Bankruptcy and Suspension of Debt Payment Obligations, the appeal filed by the losing party in the voting process and the reasons submitted were not based on the reasons regulated in Article 285 paragraph (2) of Law Number 37 of 2004 on Bankruptcy and Suspension of Debt Payment Obligations;

Whereas the reasons for the appeal regarding the use of the voting methodology that did not meet the legal basis and the PKPU Debtor had violated the lease agreement during the PKPU period, namely by stripping the aircraft of spare parts, these reasons have been considered and denied by the Supervisory Judge and the Decision Judge so that it is a repetition the argument and a difference of opinion are not the reasons referred to in Article 285 of Law Number 37 of 2004 on Bankruptcy and Suspension of Debt Payment Obligations;

Whereas with the ratification of the composition submitted by the PKPU Debtor PT Garuda Indonesia (Persero), Tbk (in PKPU), the Suspension of Debt Payment Obligations (PKPU) ends;

Considering, whereas based on the considerations above, it turns out that the Decision of the Commercial Court at the Central Jakarta District Court Number 425 /Pdt.Sus-Pailit/2021/PN Niaga Jkt Pst, dated 27 June 2022, in this case does



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR SK. GUB KDKI Jkt No. 1607/2008 INDRA SYAHRIZA PENERJEMAH RESMI & TERSUMPAH SK. GUB KDKI Jkt. NO. 1691/2007

not contradict the law and/or legislation, the cassation petition filed by Cassation Appellant I the GREYLAG GOOSE LEASING 1410 DESIGNATED ACTIVITY COMPANY and the Cassation Appellant II GREYLAG GOOSE LEASING 1446 DESIGNATED ACTIVITY COMPANY must be denied;

Considering, whereas since the appeals for cassation from Cassation Appellants I and II were denied, then Cassation Appellants I and II must be ordered to pay court fees at this level of cassation;

Observing Law Number 37 of 2004 on Bankruptcy and Suspension of Debt Payment Obligation, Law Number 48 of 2009 on Judicial Power, Law Number 14 of 1985 on the Supreme Court as amended with Law Number 5 of 2004 and the Second Amendment with Law Number 3 of 2009, as well as other relevant laws and regulations;

**RULING:**

1. Denying the appeal from the Cassation Appellant I: **GREYLAG GOOSE LEASING 1410 DESIGNATED ACTIVITY COMPANY** and the Cassation Appellant II: **GREYLAG GOOSE LEASING 1446 DESIGNATED ACTIVITY COMPANY;**
2. To punish the Cassation Appellant I and Cassation Appellant II to pay court fees in the cassation level which determined in the amount of Rp. 5,000,000.00 (five million rupiah);

In witness whereof this decision has been taken in the Panel of Judges deliberation meeting on Monday, September 26, 2022 by Dr. H. Hamdi, S.H., M.Hum., the Justice appointed by the Chairman of the Supreme Court as the Chairman of the Panel of Judges, Dr. H. Panji Widagdo, S.H., M.H., and Dr. Rahmi Mulyati, S.H., M.H., Justices as a Member Judge and pronounced in a trial open to the public on the same day by the Chairman of the Panel of Judges in the presence of the said Member Judges and Afrizal, S.H., M.H., Substitute Registrar in the absence of the parties.



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR
SK. GUB KDKI Jkt NO. 1607/2008
INDRA SYAHRIZA
PENERJEMAH RESMI & TERSUMPAH
SK. GUB KDKI Jkt. NO. 1691/2007

Member of Judge: Chairman of the Panel of Judges,

[signature] [signature]

Dr. H. Panji Widagdo, S.H., M.H. Dr. H. Hamdi, S.H., M.Hum.

[signature]

Dr. Rahmi Mulyati, S.H., M.H. Substitute Registrar

[signature]

Afrizal, S.H., M.

Cassation fees:

| | | |
|---|---|---|
| 1. Stamp | Rp | 10.000,00 |
| 2. Editorial | Rp | 10.000,00 |
| 3. Administration | Rp | 4.980.000,00 |
| Total | Rp | 5.000.000,00 |

**For Copy**
**Supreme Court Republic of Indonesia**
on behalf of the registrar
Civil Junior Registrar

[signed & sealed]

**AGUS SUBROTO, S.H., M.Hum.**

**Employee ID. 19590820 1984031 002**



Affidavit
This is to certify that the foregoing document is the faithful translation from Indonesian into English of the original presented to me, and that I am competent in both languages.
October 31, 2022

AUTHORIZED & SWORN TRANSLATOR
SK. GUB KDKI Jkt NO. 1607/2008
INDRA SYAHRIZA
PENERJEMAH RESMI & TERSUMPAH
SK. GUB KDKI Jkt. NO. 1691/2007

PENGADILAN NEGERI JAKARTA PUSAT
KELAS 1 A KHUSUS
Jalan Bungur Besar Raya Nomor 24-26-28, Gunung Sahari Selatan, Jakarta Pusat
email : info@pn-jakartapusat.go.id
JAKARTA 10610

Nomor : W10.U1. 4986 .Ht.03.X.2022.03.MH. Jakarta, 19 Oktober 2022
Lampiran : 1 (satu) Exp.
Perihal : Pemberitahuan Dan Penyampaian Salinan PUTUSAN Mahkamah Agung R.I. **Nomor : 1454 K/Pdt.Sus-Pailit/2022.** Jo. Nomor : 425/Pdt.Sus-PKPU/2021/PN.Niaga.Jkt.Pst.

Kepada Yth :

PT. GARUDA INDONESIA (Persero) TBK,
Dalam hal ini memberi kuasa kepada ERI HERTIAWAN, SH, LLM, MCIArb, AIIArb, Dan Kawan-Kawan, Para Advokat pada Kantor Advokat ASSEGAF HAMZAH & PARTNERS, beralamat di **Capital Place Lantai 36-38, Jalan Jenderal Gatot Subroto Kavling 18, Jakarta Selatan 12710,** Berdasarkan Surat Kuasa Khusus tanggal 13 Juli 2022,
sebagai : TERMOHON KASASI;
di --

JAKARTA

Bersama ini diberitahukan dan disampaikan kepada Saudara Salinan PUTUSAN Mahkamah Agung R.I. tanggal 26 September 2022, **Nomor : 1454 K/Pdt.Sus-Pailit/2022.** Jo. Nomor : 425/Pdt.Sus-PKPU/2021/PN.Niaga.Jkt.Pst. dalam perkara yang diajukan oleh:

GREYLAG GOOSE LEASING 1410 DESIGNATED ACTIVITY COMPANY,------------------------------------------------------------------------------ sebagai Pemohon Kasasi-I;

GREYLAG GOOSE LEASING 1446 DESIGNATED ACTIVITY COMPANY,----------------------------------------------------------------------------- sebagai Pemohon Kasasi-II;

T E R H A D A P

PT. GARUDA INDONESIA (Persero) TBK, ------------------ sebagai Termohon Kasasi;

Demikian surat ini dibuat berdasarkan Undang-Undang Nomor : 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang.

P A N I T E R A

MUSTAFA DJAFAR, SH, MH.
NIP. 19720411 199203 1 001

SALINAN

**PUTUSAN**
Nomor 1454 K/Pdt.Sus-Pailit/2022

**DEMI KEADILAN BERDASARKAN KETUHANAN YANG MAHA ESA**
**MAHKAMAH AGUNG**

memeriksa perkara perdata khusus permohonan pernyataan pailit pada tingkat kasasi telah memutus sebagai berikut dalam perkara:

1. **GREYLAG GOOSE LEASING 1410 DESIGNATED ACTIVITY COMPANY**, yang diwakili oleh Direktur, Tuan Qiu Jiehao, Ivan, berkedudukan di Rocktwist House, Block 1, Western Business Park, Shannon, Co. Clare, Ireland, dalam hal ini memberikan kuasa kepada Anastasia Debby Sulaiman, S.H., dan kawan-kawan, Para Advokat pada Kantor Hukum Hiswara Bunjamin & Tandjung, beralamat di Lantai 18 Tower I Sudirman 7.8, Jalan Jenderal Sudirman Kavling 7-8, Jakarta Pusat, 10220, berdasarkan Surat Kuasa Khusus tanggal 2 Juli 2022;
Pemohon Kasasi I;
2. **GREYLAG GOOSE LEASING 1446 DESIGNATED ACTIVITY COMPANY**, yang diwakili oleh Direktur, Tuan Qiu Jiehao, Ivan, berkedudukan di Rocktwist House, Block 1, Western Business Park, Shannon, Co. Clare, Ireland, dalam hal ini memberikan kuasa kepada Anastasia Debby Sulaiman, S.H., dan kawan-kawan, Para Advokat pada Kantor Hukum Hiswara Bunjamin & Tandjung, beralamat di Lantai 18 Tower I Sudirman 7.8, Jalan Jenderal Sudirman Kavling 7-8, Jakarta Pusat, 10220, berdasarkan Surat Kuasa Khusus tanggal 2 Juli 2022;
Pemohon Kasasi II;

terhadap

**PT. GARUDA INDONESIA (Persero), Tbk**, yang diwakili oleh Direktur Utama, Irfan Setiaputra, berkedudukan di Jalan Kebon Sirih Nomor 46 A, Jakarta Pusat, 10110, dalam hal ini

TURUNAN / FOTO COPY
ini telah disesuaikan dengan aslinya
Untuk dan kepentingan DIATAS
Pada Tanggal : 19 OCT 2022
PANITERA
PENGADILAN NEGERI/NIAGA
JAKARTA PUSAT
MUSTAFA DJAFAR, SH.MH
NIP. 19720411 199203 1 001

memberikan kuasa kepada Eri Hertiawan, SH., LL.M., MCIArb., AIIArb., dan kawan-kawan, Para Advokat pada Kantor Advokat Assegaf Hamzah & *Partners*, beralamat di Capital Palace Lantai 36-38, Jalan Jenderal Gatot Subroto Kavling 18, Jakarta Selatan, 12710, berdasarkan Surat Kuasa Khusus tanggal 13 Juli 2022;

Termohon Kasasi I, II;

Mahkamah Agung tersebut;

Membaca surat-surat yang bersangkutan yang merupakan bagian tidak terpisahkan dari putusan ini;

Menimbang, bahwa dari surat-surat tersebut ternyata bahwa sekarang Termohon Kasasi semula Termohon PKPU telah dinyatakan berada dalam Penundaan Kewajiban Pembayaran Utang (PKPU) Sementara sebagaimana dalam Putusan Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat Nomor 425/Pdt.Sus-PKPU/2021/PN.Niaga.Jkt.Pst, dengan amar sebagai berikut:

1. Mengabulkan permohonan Penundaan Kewajiban Pembayaran Hutang (PKPU) yang diajukan oleh Pemohon PKPU terhadap Termohon PKPU/PT. Garuda Indonesia (Persero) Tbk, suatu Perusahaan terbatas yang didirikan berdasarkan Hukum Negara RI, berkedudukan di Jakarta, beralamat di Jalan Kebon Sirih Nomor 46 A, Jakarta, 10110;
2. Menetapkan penundaan kewajiban pembayaran hutang (PKPU) Sementara terhadap Termohon PKPU/PT Garuda Indonesia (Persero) tbk, untuk paling lama 44 (empat puluh empat) hari terhitung sejak putusan penundaan kewajiban pembayaran hutang sementara *a quo* diucapkan;
3. Menunjuk Sdr. Dulhusin, S.H., M.H., Hakim Niaga pada Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat sebagai Hakim Pengawas untuk mengawasi proses penundaan kewajiban pembayaran hutang PKPU Termohon PKPU/PT. Garuda Indonesia (Persero), Tbk;
4. Menunjuk dan mengangkat:
   a. Saudara Jandri Siadari, S.H., Dip.Mkt., LL.M. Kurator dan Pengurus

yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia dengan Surat Bukti Perpanjangan Pendaftaran Kurator dan Pengurus Nomor AHU-272 AH.04.0-2019 tanggal 28 November 2019 berkantor di Siadari & Siadari *Law Firm* yang beralamat di Jalan Pejompongan V Nomor 5 B, Bendungan Hilir, Tanah Abang, Jakarta Pusat, 10210;

b. Saudara Martin Patrick Nagel, S.H., M.H., Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia dengan Surat Bukti Pendaftaran Kurator dan Pengurus Nomor AHU-251 AH.04.03-2018 tanggal 6 September 2018 berkantor di FKNK *Law Firm*, Gedung Kemang Point, Lantai 1 Unit 104-105, Jalan Kemang Raya Nomor 3 RT. 4 RW. 1, Kelurahan Bangka, Kecamatan Mampang Prapatan, Jakarta Selatan, 12730;

c. Saudara Albert Hasoloan Limbong, S.H., Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia dengan Surat Bukti Pendaftaran Kurator dan Pengururs Nomor AHU-349 Ah.04.03-2021 tanggal 7 Mei 2021 berkantor di Jalan Kalibaru Timur V Nomor 65, Kelurahan Bungur, Kecamatan Senen, Jakarta Pusat, 10640;

d. Saudara Asri, S.H., M.H., Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia dengan Surat Bukti Pendaftaran Kurator dan Pengurus Nomor AHU-193 AH.04.03-2019 tanggal 19 Agustus 2019 berkantor di Munde Herlambang & *Partners*, dengan alamat di *Equity Tower 22nd Floor*, Dreamhub, Sudirman Central Business District, Lot 9, senayan, Kebayoran Baru, Jakarta Selatan;

e. Saudara Mulyadi, S.H., LL.M., Kurator dan Pungurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia dengan Surat Bukti Pendaftaran Kurator dan Pengurus Nomor AHU-257 Ah.04.03-2021 tanggal 30 Maret 2021 berkantor di Nurjadin Sumono Mulyadi *Law Office*, dengan alamat Sequis Tower Lantai 20, Sudirman Central Business District (SCBD), Jalan Jend. Sudirman

Kav. 71, Senayan, Jakarta Selatan;

f. Saudara William Eduard Daniel, S.E., S.H., LL.M., MBL., Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia sebagaimana Surat Bukti Perpanjangan Pendaftaran Kurator dan Pengurus Nomor AHU-65 Ah.04.03-2017 tanggal 16 Mei 2017 berkantor di William Soerjonegoro & *Partners Law Office*, Office 8 *19th Floor*, SCBC Lot. 28, Jalan jenderal Sudirman Kavling 52-53, Jakarta. 12190;

selaku Tim Pengurus dalam proses Penundaan Kewajiban Pembayaran Utang (PKPU) Termohon PKPU/PT. Garuda Indonesia (Persero), Tbk;

5. Menetapkan Sidang Permusyawaratan Majelis Hakim pada hari Jumat tanggal 21 Januari 2022 pukul 09.00 WIB bertempat di Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat, Jalan Bungur Raya Nomor 24-26, Gunung Sahari,Kemayoran, Jakarta Pusat;
6. Memerintahkan Tim Pengurus untuk memanggil Termohon PKPU/PT. Garuda Indonesia (Persero), Tbk, dan Kreditor yang dikenal dengan surat tercatat atau melalui kurir, untuk menghadap dalam sidang sebagaimana yang ditetapkan di atas;
7. Menetapkan imbalan jasa bagi Tim Pengurus dan biaya kepengurusan akan ditetapkan kemudian setelah Tim Pengurus selesai menjalankan tugasnya;
8. Menangguhkan biaya permohonan Penundaan Kewajiban Pembayaran Utang (PKPU) sampai dengan Penundaan Kewajiban Pembayaran Utang (PKPU) dinyatakan selesai;

Menimbang, bahwa dari surat-surat tersebut ternyata Hakim Pengawas telah memberikan laporan di depan persidangan pada Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat, yang pada pokoknya Termohon PKPU/PT. Garuda Indonesia (Persero), Tbk dalam Penundaan Kewajiban Pembayaran Utang (PKPU) telah mengajukan Rencana Perdamaian, yang mana atas Rencana Perdamaian tersebut telah tercapai perdamaian dengan dilaksanakannya pemungutan suara (*voting*) terhadap Rencana Perdamaian;

Bahwa terhadap permohonan pengesahan perdamaian (*homologasi*) tersebut Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat telah memberikan Putusan Nomor 425/Pdt.Sus-PKPU/2021/PN. Niaga. Jkt Pst tanggal 27 Juni 2022, yang amarnya sebagai berikut :

1. Menyatakan sah dan mengikat secara hukum, Perjanjian Perdamaian tertanggal 17 Juni 2022 antara PT Garuda Indonesia (Persero), Tbk. (Dalam PKPU) dengan Para Kreditornya;
2. Menghukum Debitor atau PT Garuda Indonesia (Persero), Tbk. dan seluruh kreditor-kreditornya serta pihak-pihak yang disebutkan dalam Perjanjian Perdamaian tertanggal 17 Juni 2022 untuk tunduk dan mematuhi, serta melaksanakan isi Perjanjian Perdamaian tersebut;
3. Menyatakan bahwa biaya-biaya dan imbalan jasa Pengurus selama proses Penundaan Kewajiban Pembayaran Utang (PKPU) PT. Garuda Indonesia (Persero), Tbk. (Dalam PKPU) telah ditetapkan dalam suatu penetapan tersendiri dan menghukum Debitor/PT Garuda Indonesia (Persero), Tbk. (Dalam PKPU) untuk melaksanakan penetapan tersebut;
4. Menyatakan Penundaan Kewajiban Pembayaran Utang (PKPU) 425/Pdt.Sus-PKPU/2021/PN.Niaga.Jkt.Pst., demi hukum berakhir;
5. Menghukum Termohon PKPU PT Garuda Indonesia (Persero) Tbk. (Dalam PKPU) untuk membayar biaya perkara sebesar Rp9.870.000,00 (sembilan juta delapan ratus tujuh puluh ribu rupiah);

Menimbang, bahwa sesudah putusan Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat tersebut diucapkan dengan dihadiri oleh Kuasa Hukum Pemohon PKPU, Termohon PKPU (Debitor), Kuasa Hukum Termohon PKPU, Para Kreditor dan Tim Pengurus PT. Garuda Indonesia (Persero), Tbk (Dalam PKPU) pada tanggal 27 Juni 2022, terhadap putusan tersebut Pemohon Kasasi I melalui kuasanya berdasarkan Surat Kuasa Khusus tanggal 2 Juli 2022 mengajukan permohonan kasasi pada tanggal 4 Juli 2022 sebagaimana ternyata dari Akta Permohonan Kasasi dan Memori Kasasi Perkara Kepailitan Nomor 60/Kas/Pdt.Sus-Pailit/2022/PN Niaga Jkt Pst *juncto* Nomor 425/Pdt.Sus-Pailit/2021/PN Niaga Jkt Pst yang dibuat oleh Panitera Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat,

permohonan tersebut disertai dengan memori kasasi yang diterima di Kepaniteraan Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat pada tanggal 4 Juli 2022;

Menimbang, bahwa sesudah putusan Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat tersebut diucapkan dengan dihadiri oleh Kuasa Hukum Pemohon PKPU, Termohon PKPU (Debitor), Kuasa Hukum Termohon PKPU, Para Kreditor dan Tim Pengurus PT. Garuda Indonesia (Persero), Tbk (Dalam PKPU) pada tanggal 27 Juni 2022, terhadap putusan tersebut Pemohon Kasasi II melalui kuasanya berdasarkan Surat Kuasa Khusus tanggal 2 Juli 2022 mengajukan permohonan kasasi pada tanggal 4 Juli 2022 sebagaimana ternyata dari Akta Permohonan Kasasi Nomor 61/Kas/Pdt.Sus-Pailit/2022/PN Niaga Jkt Pst *juncto* Nomor 425/Pdt.Sus-Pailit/2021/PN Niaga Jkt Pst yang dibuat oleh Panitera Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat, permohonan tersebut disertai dengan memori kasasi yang diterima di Kepaniteraan Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat pada tanggal 4 Juli 2022;

Menimbang, bahwa permohonan kasasi *a quo* beserta alasan-alasannya telah diberitahukan kepada pihak lawan dengan saksama, diajukan dalam tenggang waktu dan dengan cara yang ditentukan dalam undang-undang, oleh karena itu permohonan kasasi tersebut secara formal dapat diterima;

Menimbang, bahwa berdasarkan memori kasasi yang diterima tanggal 4 Juli 2022 yang merupakan bagian tidak terpisahkan dari putusan ini, Pemohon Kasasi I meminta agar:

1. Menerima dan mengabulkan pernyataan kasasi dan memori kasasi yang diajukan oleh Pemohon Kasasi untuk seluruhnya;
2. Menyatakan bahwa pelaksanaan perdamaian yang disahkan melalui Putusan Pengesahan Perdamaian 425 tidak cukup terjamin atau telah dicapai karena pemakaian upaya lain yang tidak jujur dan tanpa menghiraukan apakah Termohon Kasasi atau pihak lain bekerja sama untuk mencapai hal tersebut;
3. Menyatakan batal Putusan Pengesahan Perdamaian 425 dengan segala

akibat hukumnya;

4. Menyatakan Termohon Kasasi pailit dengan segala akibat hukumnya;
5. Memerintahkan Ketua Pengadilan Niaga pada Pengadilan Negeri pada Jakarta Pusat untuk menunjuk seorang Hakim Pengawas untuk mengawasi pengurusan dan pemberesan harta Termohon Kasasi dalam proses kepailitan *a quo*;
6. Mengangkat Saudara Jhony Mazmur Wiliam Manurung, S.H., Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia dengan Surat Bukti Pendaftaran Kurator dan Pengurus Nomor AHU-109 AH.04.03-2018 tanggal 31 Januari 2018 yang beralamat di Prudential Center Lantai 22, Jalan Kasablanka Raya Kavling 88, Jakarta 12870, Jakarta Selatan selaku Kurator dalam proses kepailitan Termohon Kasasi, PT. Garuda Indonesia (Persero), Tbk;
7. Memerintahkan pengumuman putusan pailit terhadap Termohon Kasasi yang dilakukan oleh Kurator dalam Berita Negara Republik Indonesia dan paling sedikit 2 (dua) surat kabar harian dengan jangka waktu paling lambat 5 (lima) hari setelah putusan diterima Pemohon Kasasi;
8. Menetapkan imbalan jasa bagi Tim Kurator akan ditentukan kemudian setelah kepailitan berakhir; dan
9. Menghukum Termohon Kasasi untuk membayar biaya perkara *a quo*;

atau;

Apabila Yang Mulia Ketua Mahkamah Agung Republik Indonesia berpendapat lain, kami mohon putusan yang seadil-adilnya (*ex aequo et bono*);

Menimbang, bahwa berdasarkan memori kasasi yang diterima tanggal 4 Juli 2022 yang merupakan bagian tidak terpisahkan dari putusan ini, Pemohon Kasasi II meminta agar:

1. Menerima dan mengabulkan pernyataan kasasi dan memori kasasi yang diajukan oleh Pemohon Kasasi untuk seluruhnya;
2. Menyatakan bahwa pelaksanaan Perdamaian yang disahkan melalui Putusan Pengesahan Perdamaian 425 tidak cukup terjamin atau telah dicapai karena pemakaian upaya lain yang tidak jujur dan tanpa

menghiraukan apakah Termohon Kasasi atau pihak lain bekerja sama untuk mencapai hal tersebut;

3. Menyatakan batal Putusan Pengesahan Perdamaian 425 dengan segala akibat hukumnya;
4. Menyatakan Termohon Kasasi pailit dengan segala akibat hukumnya;
5. Memerintahkan Ketua Pengadilan Niaga pada Pengadilan Negeri pada Jakarta Pusat untuk menunjuk seorang Hakim Pengawas untuk mengawasi pengurusan dan pemberesan harta Termohon Kasasi dalam proses kepailitan *a quo*;
6. Mengangkat Jhony Mazmur Wiliam Manurung, S.H., Kurator dan Pengurus yang terdaftar di Kementerian Hukum dan Hak Asasi Manusia Republik Indonesia dengan Surat Bukti Pendaftaran Kurator dan Pengurus Nomor AHU-109 AH.04.03-2018 tanggal 31 Januari 2018 yang beralamat di Prudential Center Lantai 22, Jalan Kasablanka Raya Kavling 88, Jakarta 12870, Jakarta Selatan selaku Kurator dalam proses kepailitan Termohon Kasasi, PT. Garuda Indonesia (Persero), Tbk;
7. Memerintahkan pengumuman putusan pailit terhadap Termohon Kasasi yang dilakukan oleh Kurator dalam Berita Negara Republik Indonesia dan paling sedikit 2 (dua) surat kabar harian dengan jangka waktu paling lambat 5 (lima) hari setelah putusan diterima Pemohon Kasasi;
8. Menetapkan imbalan jasa bagi Tim Kurator akan ditentukan kemudian setelah kepailitan berakhir; dan
9. Menghukum Termohon Kasasi untuk membayar biaya perkara *a quo*;

atau;

Apabila Yang Mulia Ketua Mahkamah Agung Republik Indonesia berpendapat lain, kami mohon putusan yang seadil-adilnya (*ex aequo et bono*);

Bahwa terhadap memori kasasi I dan II tersebut, Termohon Kasasi I, II telah mengajukan kontra memori kasasi tanggal 14 Juli 2022 yang pada pokoknya menolak permohonan kasasi dari Pemohon Kasasi I dan II;

Menimbang, bahwa terhadap alasan-alasan tersebut, Mahkamah Agung berpendapat:

Bahwa pertimbangan hukum putusan *Judex Facti* yang menyatakan sah dan mengikat secara hukum, Perjanjian Perdamaian tertanggal 17 Juni 2022 antara PT. Garuda Indonesia (Persero), Tbk (dalam PKPU) dengan para kreditornya dapat dibenarkan dan tidak salah menerapkan hukum, di mana berdasarkan fakta-fakta dalam perkara *a quo Judex Facti* telah memberikan pertimbangan yang cukup, dengan pertimbangan sebagai berikut:

Bahwa perjanjian perdamaian (*homologasi*) dalam perkara *a quo* telah disetujui oleh mayoritas kreditor dalam rapat pemungutan suara (*voting*) yaitu kreditor konkuren menyetujui sebanyak 97,46% (sembilan puluh tujuh koma enam puluh empat persen), hal ini membuktikan bahwa para kreditor termasuk Pemohon PKPU lebih mengutamakan penyelesaian secara damai, sehingga perdamaian (*homologasi*) merupakan wujud penyelesaian secara adil dan bijaksana dalam perkara *a quo*;

Bahwa hasil *voting* dalam perkara *a quo* telah memenuhi ketentuan Pasal 281 ayat (1) Undang-undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang, sehingga permohonan kasasi yang diajukan oleh pihak yang kalah dalam proses pemungutan suara dan alasan-alasan yang diajukan tidak berdasarkan atas alasan-alasan yang diatur dalam Pasal 285 ayat (2) Undang-undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang;

Bahwa alasan kasasi tentang penggunaan metodologi *voting* yang tidak memenuhi dasar hukum dan Debitor PKPU telah melakukan pelanggaran atas perjanjian sewa pada masa PKPU yakni dengan melucuti suku cadang pesawat terbang, alasan-alasan tersebut sudah pernah dipertimbangkan dan ditolak oleh Hakim Pengawas dan Hakim Pemutus sehingga merupakan pengulangan dalil dan merupakan perbedaan pendapat hal tersebut bukan alasan yang dimaksud dalam Pasal 285 Undang-undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang;

Bahwa dengan disahkannya perdamaian yang disampaikan oleh Debitor PKPU PT Garuda Indonesia (Persero), Tbk (dalam PKPU), maka Penundaan Kewajiban Pembayaran Utang (PKPU) tersebut berakhir;

Menimbang, bahwa berdasarkan pertimbangan tersebut di atas, ternyata Putusan Pengadilan Niaga pada Pengadilan Negeri Jakarta Pusat Nomor 425 /Pdt.Sus-Pailit/2021/PN Niaga Jkt Pst, tanggal 27 Juni 2022 dalam perkara ini tidak bertentangan dengan hukum dan/atau undang-undang, sehingga permohonan kasasi yang diajukan oleh Pemohon Kasasi I GREYLAG GOOSE LEASING 1410 DESIGNATED ACTIVITY COMPANY dan Pemohon Kasasi II: GREYLAG GOOSE LEASING 1446 DESIGNATED ACTIVITY COMPANY tersebut harus ditolak;

Menimbang, bahwa oleh karena permohonan kasasi dari Pemohon Kasasi I dan II ditolak, maka Pemohon Kasasi I dan II harus dihukum untuk membayar biaya perkara dalam tingkat kasasi ini;

Memperhatikan Undang Undang Nomor 37 Tahun 2004 tentang Kepailitan dan Penundaan Kewajiban Pembayaran Utang, Undang Undang Nomor 48 Tahun 2009 tentang Kekuasaan Kehakiman, Undang Undang Nomor 14 Tahun 1985 tentang Mahkamah Agung sebagaimana telah diubah dengan Undang Undang Nomor 5 Tahun 2004 dan Perubahan Kedua dengan Undang Undang Nomor 3 Tahun 2009, serta peraturan perundang-undangan lain yang bersangkutan;

**M E N G A D I L I:**

1. Menolak permohonan kasasi dari Pemohon Kasasi I: **GREYLAG GOOSE LEASING 1410 DESIGNATED ACTIVITY COMPANY** dan Pemohon Kasasi II: **GREYLAG GOOSE LEASING 1446 DESIGNATED ACTIVITY COMPANY**, tersebut;
2. Menghukum Pemohon Kasasi I dan Pemohon Kasasi II untuk membayar biaya perkara dalam tingkat kasasi yang ditetapkan sejumlah Rp5.000.000,00 (lima juta rupiah);

Demikian diputuskan dalam rapat musyawarah Majelis Hakim pada hari Senin, tanggal 26 September 2022 oleh Dr. H. Hamdi, S.H., M.Hum., Hakim Agung yang ditetapkan oleh Ketua Mahkamah Agung sebagai Ketua Majelis, Dr. H. Panji Widagdo, S.H., M.H., dan Dr. Rahmi Mulyati, S.H., M.H., Hakim-hakim Agung sebagai Hakim Anggota dan diucapkan dalam sidang terbuka untuk umum pada hari itu juga oleh Ketua Majelis dengan dihadiri Para

Hakim Anggota tersebut dan Afrizal, S.H., M.H., Panitera Pengganti dengan tidak dihadiri oleh para pihak.

| Hakim-hakim Anggota: | Ketua Majelis, |
|---|---|
| ttd | ttd |
| Dr. H. Panji Widagdo, S.H., M.H. | Dr. H. Hamdi, S.H., M.Hum. |
| ttd | |
| Dr. Rahmi Mulyati, S.H., M.H. | |

Panitera Pengganti,

ttd

Afrizal, S.H., M.H.

PENGADILAN NEGERI JAKARTA PUSAT

Biaya-biaya kasasi:

| | | |
|---|---|---|
| 1. M e t e r a i................ | Rp | 10.000,00 |
| 2. R e d a k s i................ | Rp | 10.000,00 |
| 3. Administrasi kasasi.......... | | Rp4.980.000,00 |
| Jumlah ........... | | Rp5.000.000,00 |

**Untuk Salinan**
**Mahkamah Agung R.I**
a.n. Panitera
Panitera Muda Perdata Khusus

**AGUS SUBROTO, S.H., M.Hum.**
**NIP. 19590820 1984031 002**